ROBERT WISNIEWSKI P.C.
40 Wall Street, Suite 2833
New York, New York 10005
(212) 267-2101
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

WOJCIECH ZADROZNY on behalf of himself   :
and on behalf of all others similarly situated,

                      :    **Docket No.:**

          Plaintiff,

                      :    **JURY TRIAL**
   -against-                           **DEMANDED**

                      :

V ELECTRIC INC., V ELECTRIC NY INC.,
WITOLD BODZON, and JANUSZ WOSKOWIAK,   :

            Defendants.     :

-------------------------------------------------------------------X

## CLASS ACTION COMPLAINT

Plaintiff Wojciech Zadrozny ("Zadrozny"), on behalf of himself and on behalf of all others similarly situated, by his attorneys, Robert Wisniewski P.C., as and for his Complaint against Defendants V Electric Inc. ("V Electric"), V Electric NY Inc. ("Electric NY") (collectively, "Corporate Defendants"), Witold Bodzon ("Bodzon"), and Janusz Woskowiak ("Woskowiak") (collectively "Individual Defendants") (the "Corporate Defendants" and the "Individual Defendants" are collectively referred to as "Defendants"), states as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action on behalf of himself and others similarly situated (**Exhibit 1**) to recover unpaid wages, overtime wages, liquidated damages, interest and reasonable attorneys' fees and costs under the Fair Labor Standards Act of 1938, as amended (29

1

U.S.C. § 201 *et seq.*) and the various wage orders promulgated thereunder by the U.S.

Department of Labor and codified at 29 C.F.R. § 500 *et seq.* ("FLSA"), the New York Minimum

Wage Act (New York State Labor Law Articles 6 and 19) ("NYMWA"), and New York State

common law.

2.      The Individual Defendants are officers, shareholders, managers and/or

majority owners of the Corporate Defendants, which provide services in the area of electrical

services within the tri-state area. Plaintiff has been employed by the Corporate Defendants as an

electrician, who regularly worked over forty (40) hours per week but was not compensated at the

premium overtime rate for the hours he worked in excess of forty (40) per week. The collective

Defendants also failed to furnish the required wage notices and accurate wage statements to

Plaintiff.

## PARTIES, JURISDICTION AND VENUE

3.      At all relevant times herein, Plaintiff Zadrozny was and is a resident of the State

of New York, Richmond County.

4.      At all relevant times herein, Corporate Defendant V Electric was and is a

domestic business corporation duly organized under, and existing by virtue of, the laws of the

State of New York, and having its principal place of business at 244 Fifth Avenue, Suite 224,

New York, NY 10001.

5.      At all relevant times herein, Corporate Defendant Electric NY was and is a

domestic business corporation duly organized under, and existing by virtue of, the laws of the

State of New York, and having its principal place of business at 11-11 44th Drive, 2nd Floor,

Office #2, Long Island City, NY 11101.

2

6.     At all relevant times herein, the Individual Defendant Bodzon was and is a resident of the State of New York, Queens County.

7.     At all relevant times herein, the Individual Defendant Woskowiak was and is a resident of the State of New York, Nassau County.

8.     The Individual Defendants are the officers, directors, managers and/or majority shareholders or owners of each Corporate Defendant, and as any of the ten largest shareholders, are individually responsible for unpaid wages under the New York Business Corporation Law. See **Exhibit 2.**

9.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this action arises under the FLSA.  This Court has jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367 in that they are so related to claims in the action within the court's original jurisdiction that they form part of the same case or controversy.

10.     Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000, the activities of which affect interstate commerce in that the employees of Defendants employ, handle, and sell or otherwise work on goods or materials that have been moved in or produced for interstate commerce, and Defendants are thus employers subject to the jurisdiction of the FLSA.

11.     This Court has personal jurisdiction over Corporate Defendants because each is incorporated in the State of New York and has its principal place of business therein.

12.     This Court has personal jurisdiction over Individual Defendants in that each Individual Defendant is a citizen and resident of New York.

13.     Venue is proper pursuant to 28 U.S.C. § 1391(b), because substantial events

giving rise to Plaintiff's claims occurred in this district, and one or more Defendants reside therein.

## JURY DEMAND

14.     Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

15.     Plaintiff Zadrozny and others similarly situated have been employees of the Corporate Defendants during the six (6) years immediately preceding the initiation of this action and have performed labor and services as electricians as defined by the FLSA and the NYMWA and regulations promulgated by the Department of Labor's Wage and Hour Division, but Plaintiffs did not receive the compensation required by the FLSA, the NYMWA and/or the common law of the State of New York.

16.     The Corporate Defendants are headquartered in Maspeth, New York and are electrical contractors engaged in the provision of full-service electrical solutions to commercial and residential customers in the Greater New York City Area.

17.     Plaintiff was employed by the Defendants as an electrician from September 17, 2015 until his termination on July 5, 2019.

***Facts Relating to Plaintiff's Employment for Defendants***

18.     On September 17, 2015, Plaintiff entered into an oral contract with Defendants whereby Plaintiff agreed to work as an electrician for the Corporate Defendants in exchange for an hourly rate of $25.

19.     From the inception of his employment to approximately December 31, 2016, Plaintiff regularly worked from 7:00 a.m. to approximately 4:00 p.m., five (5) to six (6) days a

4

week, Monday through most Saturdays. On average, Plaintiff regularly worked fifty (50) hours a week for Defendants during this period.

20.    From January 2017 to approximately mid-2018, Plaintiff's weekly work hours also increased. During this period, Plaintiff regularly worked from 7:00 a.m. to approximately 5:00 p.m., five (5) to six (6) days a week, Monday through most Saturdays. Additionally, Plaintiff also worked at night, from 11 p.m. to 7 a.m., frequently, after completing his regular daytime shifts.

21.    On average, Plaintiff estimates to have worked for Defendants sixty-five (65) hours per week from January 2017 to approximately mid-2018.

22.    From approximately mid-2018 until Plaintiff's termination on July 5, 2019, Plaintiff continued to regularly work from 7:00 a.m. to approximately 5:00 p.m., five (5) to six (6) days a week, Monday through most Saturdays, but did not work as many night shifts as he did during 2017 and early 2018.

23.    Plaintiff estimates to have worked for Defendants approximately fifty-five (55) per week from approximately mid-2018 until his termination in July 2019.

24.    Over the course of Plaintiff's employment, Plaintiff's hourly wage increased three times:

(a)    In or about January 2017 – from $25.00 per hour to $26.00;

(b)    In or about January 2018 – from $26.00 per hour to $27.00 per hour; and

(c)    In or about April 2018 – from $27.00 per hour $28.00.

***Facts Relating to Defendants' Violations of State and Federal Labor Laws***

25.    Throughout Plaintiff's employment, Defendants never compensated Plaintiff at

5

the premium overtime rate of one-and-a-half times his regular rate for the hours Plaintiff worked in excess of forty (40).

26.     In exchange for his work, Defendants compensated Plaintiff weekly in a variety of deceptive ways:

(a)     From the beginning of his employment to approximately mid-September 2018, Plaintiff was paid by a combination of a check issued by V Electric and falsely reflecting forty (40) hours of Plaintiff's work, and either (i) a sham reimbursement payment for purchases of work materials recorded on that check, (ii) cash, or (iii) a second "reimbursement" check, making up the difference between the actual number of hours worked by Plaintiff and the forty (40) falsely reflected on the first check issued by V Electric; and

(b)     From mid-September 2018 to Plaintiff's termination on July 5, 2019, Plaintiff was paid by a combination of a check issued by V Electric and reflecting a sham weekly salary of $500 and a second "reimbursement" check, compensating Plaintiff for the remainder of the hours worked by him in a pay period.

27.     In issuing payment for any hours that Plaintiff worked in excess of forty (40), Defendants never compensated Plaintiff at the premium overtime rate of one-and-a-half times his regular rate of $25.00, $26.00, $27.00, or $28.00 per hour.

28.     Moreover, Defendants never furnished Plaintiff with a single paystub accurately reflecting his hours worked or his rate of pay, and Defendants never provided Plaintiff with the required wage notices, advising Plaintiff of, among other things, his wage rate, the overtime wage rate, the frequency of wage payments, and the designated pay day.

6

29.     Upon information and belief, Defendants improperly compensated their other employees and failed to provide them with the required wage notices and pay stubs.

**_Facts Relating to Defendants' Termination of the Plaintiff_**

30.     On June 24, 2019, Defendants informed Plaintiff that "business was slow" and that Plaintiff would be "loaned out for a few weeks" to perform work for another electrical contractor, Inter Connection Inc. ("ICE").

31.     On June 25, 2019, Plaintiff reported to work at 111 Varick Street to perform electrical work for ICE.

32.     On July 5, 2019, Plaintiff contacted Defendant Bodzon by phone to discuss an unpaid sick day and to inquire whether or not he would be compensated for the July 4th holiday. In that call, Bodzon angrily informed Plaintiff that he was no longer employed by Defendants.

33.     Plaintiff continued to report to work at 111 Varick Street to perform work for ICE until July 12, 2019.

34.     ICE issued two bi-weekly pay checks as compensation for Plaintiff's work at 111 Varick Street from June 25, 2019 to July 15, 2019.

35.     On July 15, 2019, Plaintiff found better-paying employment with a different electrical contractor and left his employment with ICE.

**_Defendants' Failure to Pay Proper Wages was Willful_**

36.     Defendants as employers have certain statutory obligations towards their employees, including paying employees for all of the hours they worked, paying the overtime premium of one-and-a-half times their regular rate for each hour worked in excess of 40 per week, and making, keeping, and preserving proper payroll records.

7

37.     Defendants were aware of their requirement to pay Plaintiff the overtime premium of one-and-a-half times his regular rate for each hour worked in excess of forty (40) per week.

38.     Nevertheless, Defendants failed to pay Plaintiff his proper wage rates, including overtime wages.

39.     Defendants further willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYMWA by failing to maintain proper payroll records by engaging in an elaborate scheme of falsifying Plaintiff's hours of work and issuing payment for the hours Plaintiff worked in excess of forty (40) by cash, false reimbursement for purchases of work materials, or a second check.

40.     As such, the various violations of the law which are alleged herein were committed intentionally and willfully by Defendants.

41.     At a minimum, Defendants failed to take the necessary steps to ascertain their duties with respect to the payment of wages to their employees.

***Facts Relating to the Defendants' Status as Joint Employers***

42.     At all relevant times herein, each Corporate Defendant was and is controlled by the Individual Defendants.

43.     At all relevant times herein, the Individual Defendants conducted business as each of the Corporate Defendants.

44.     At all relevant times herein, each Individual Defendant acted for and on behalf of the Corporate Defendants, with the power and authority vested in him as the owner, officer, agent, and employee of the Corporate Defendants, and acted in the course and scope of their duty

and function as owner, agent, employee, and officer of the Corporate Defendants.

45.     At all relevant times herein, the Individual Defendants directly managed, handled, or was otherwise ultimately responsible for, the payroll and/or payroll calculations and signing or issuing checks to Plaintiff.

46.     Each Corporate Defendant was Plaintiff's employer because Corporate Defendant was benefitted by Plaintiff's work.

47.     The Individual Defendants had control over the conditions of employment of Plaintiff, including his hiring and firing, his work schedule, the rate and method of payment of his wages, and the maintenance of his employment records.

48.     At all relevant times herein, the Individual Defendants had operational control over the Corporate Defendants.

49.     As a matter of economic reality, all Defendants are joint employers of Plaintiff; and, as a result, all Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

***Facts Relating to the Corporate Defendants' Status as a Unified Operation***

50.     The Corporate Defendants engage in related activities, namely the business of providing of full-service electrical services to commercial and residential customers in the Greater New York City Area.

51.     Upon information and belief, at all relevant times, the Corporate Defendants have: operated out of the same location, shared Plaintiffs and other similarly situated employees, shared each other's assets, acted in the interest of each other, paid their employees by the same method, shared control over the employees, and have been themselves under  common control of

the Individual Defendants.

44.     The Corporate Defendants are owned, managed and controlled by the Individual

Defendants, are operating as a unified operation and each provides mutually supportive services

to the substantial advantage of the other such that each entity is operationally interdependent of

each other and, therefore, must be treated as a single enterprise.

**Facts Relating to Piercing the Corporate Veil**

52.     Upon information and belief, both Corporate Defendants are wholly owned by the

Individual Defendants.

53.     Upon information and belief, in conducting the affairs of the Corporate

Defendants, the Individual Defendants failed to comply with the required corporate formalities,

including recordkeeping, governance requirements, and other formalities.

54.     Upon information and belief, the Individual Defendants used the assets of the

Corporate Defendants as his own and/or otherwise commingled personal assets with the assets of

the Corporate Defendants.

55.     As alleged herein, the Individual Defendants used the Corporate Defendants in

order to circumvent a statute or statutes, or accomplish other wrongful acts or in furtherance of

other wrongful or inequitable purposes.

56.     The Corporate Defendants are alter-egos of the Individual Defendants; and, as

will be established at trial, for the purpose of the claims made by Plaintiff herein, the Corporate

Defendants have no separate legal existence from the Individual Defendant.  As such, the

Corporate Defendants and the Individual Defendant, individually and collectively, and jointly

and severally, are liable for all claims made herein.

## COLLECTIVE ACTION ALLEGATIONS

57.     Plaintiff brings this action on behalf of himself and all other persons who were or are employed by Defendants as cabinet makers and/or carpenters performing similar tasks and performed work, labor and services but did not receive the compensation required by the FLSA and the federal wage orders codified in 29 C.F.R. § 552 et. seq. with respect to their work for Defendants.

58.     Upon information and belief, this class of persons consists of not less than 80 persons.

59.     There are questions of law and fact common to the class specifically whether the employment of the Plaintiff by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the FLSA and the federal wage orders codified in 29 C.F.R. § 552 et. seq. Only the amount of individual damages sustained by each class member will vary.

60.     Plaintiff and Defendants' other employees are similarly situated insofar as Defendants instituted a policy not to pay their employees proper overtime wages under the FLSA.

61.     Plaintiff brings the first claim for relief herein on behalf of himself individually and all persons similarly situated as a collective action pursuant to the FLSA, with respect to all claims that Plaintiff and all persons similarly situated have against the Defendants as a result of Defendants' violations under the FLSA and the federal wage orders codified in 29 C.F.R. § 552 et. seq.

## CLASS ACTION ALLEGATIONS

62.     Plaintiff brings this action on behalf of himself and all other persons who were or

11

are employed by Defendants as electricians performing similar tasks and performed work, labor

and services but did not receive the compensation required by the New York Labor Law, and the

common law of the State of New York.

63.     Upon information and belief, this class of persons consists of not less than 80

persons, and the class is thus so numerous that joinder of all members is impracticable under the

standards of Fed. R. Civ. P. 23 (a)(1).

64.     There are questions of law and fact common to the class which predominate over

any questions affecting only individual members, specifically: whether the employment of the

Plaintiff and others similarly situated by Defendants is subject to the jurisdiction and the wage

and overtime requirements of the New York Labor Law and the common law of New York;

whether Plaintiff and employees were covered by the wage notice and paystub requirements of

the New York Labor Law; and whether Plaintiff and others similarly situated suffered from

Defendants' policy or plan not to pay proper overtime wages. Only the amount of individual

damages sustained by each class member will vary.

65.     The claims of the Plaintiff are typical of the claims of the above-described class in

that all of the members of the class have been similarly affected by the acts and practices of the

Defendants.

66.     Plaintiff will fairly and adequately protect the interests of the members of the

class, in that his interests are not adverse to the interests of the other members of the class.

67.     A class action is superior to other available methods for the fair and efficient

adjudication of the controversy under the standards of Fed. R. Civ. P. 23 (b)(3).

68.     The Plaintiff brings the second, third, and fourth claims for relief herein on behalf

of himself individually and all persons similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23, in respect to all claims that Plaintiff and all persons similarly situated have against the Defendants as a result of Defendants' violations under the New York Labor Law and the common law of the State of New York.

## FIRST CLAIM FOR RELIEF
### (FLSA Against All Defendants)

69.     Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

70.     Plaintiff and other employees of Defendants are persons covered by, and/or intended to benefit from, the provisions of the FLSA in respect to their work for Defendants.

71.     Pursuant to the FLSA, Plaintiff and others similarly situated were entitled to certain minimum and overtime wages, which Defendants intentionally and willfully failed to pay in violation of such laws.

72.     Plaintiff and others similarly situated regularly worked in excess of forty (40) hours per week for Defendants, but they did not receive the proper overtime wages to which they were entitled for all hours worked.

73.     Accordingly, Plaintiff seeks a judgment for unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, Plaintiff and others similarly situated, along with an award of liquidated damages, interest, attorneys' fees, and costs, as provided for by the FLSA.

## SECOND CLAIM FOR RELIEF
### (NYLL Against All Defendants)

74.     Plaintiff repeats and realleges each and every previous allegation as if fully set

forth herein.

75.      Plaintiff and others similarly situated are persons covered by, and/or intended to benefit from, the provisions of the NYLL in respect to their work for Defendants.

76.      Pursuant to the NYLL, Plaintiff and others similarly situated were entitled to certain regular and overtime wages, which Defendants intentionally and willfully failed to pay in violation of such laws.

77.      Plaintiff and others similarly situated regularly worked in excess of forty (40) hours per week for Defendants, but did not receive the proper wages and overtime wages to which they were entitled for all hours worked.

78.      Accordingly, Plaintiff seeks a judgment for unpaid minimum and overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, Plaintiff and others similarly situated, along with an award of liquidated damages, interest, attorneys' fees, and costs, as provided for by the New York Labor Law.

### THIRD CLAIM FOR RELIEF
### (NYLL Wage Statement Violation Against All Defendants)

79.      Plaintiff repeats and realleges each and every allegation previously set forth.

80.      Pursuant to NYLL 195.3 and the Wage Order §142-3.8 , employers must provide an accurate wage statement with each payment of wages. Wage statements must include, among other information "the dates of work covered by that payment of wages; name of employee; address and phone number of employer; rate or rates of pay and basis thereof" and, where applicable, the overtime rate of pay.

81.      In violation of the NYLL, Defendants did not furnish Plaintiff and others similarly situated with wage statements that show the employee's rate or rates of pay, the number

14

of hours worked, or record the proper pay rate for Plaintiffs' overtime hours.

82.     Accordingly, Plaintiff seeks  damages allowed by the statute for himself and others similarly situated as well as attorney fees, costs and disbursements.

### FOURTH CLAIM FOR RELIEF
### (NYLL Wage Notice Violation Against All Defendants)

83.     Plaintiff repeats and realleges each and every allegation previously set forth.

84.     NYLL § 195.1 mandates as of January 2011 that  at various statutorily-delineated events each employee employed by Defendants receive for signature a Wage Notice, which has to contain the following wage information: (i) the basis of the employee's wage rates e.g., by the hour, shift, day, week, salary piece commission or otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations; (iii) whether the employer will claim allowances such as tips, meals, and/or lodging against the minimum wage; (iv) the employer's name and any "doing business as" names; (v) the employer's address and mailing address, if different; and (vi) the employer's telephone number.

85.     Neither Plaintiff nor others similarly situated ever received for signature the Wage Notice and never received any other paystubs or documents which might show the information required by NYLL § 195.1.

86.     Accordingly, Plaintiff seeks damages allowed by the statute for himself and others similarly situated as well as attorney fees, costs and disbursements.

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiff demands a trial by jury and judgment against Defendants as follows:

a.     Compensatory damages for himself and the class in an amount to be determined

15

at trial;

    b.      Liquidated damages pursuant to the FLSA and New York Labor Law;

    c.      Pre-judgment interest; and

    d.      Plaintiff's costs, disbursements and reasonable attorney's fees;

Together with such other and further relief that the Court deems just.

Dated: New York, NY
       July 16, 2020

                                 ROBERT WISNIEWSKI P.C.

                                 By: */s/ Robert Wisniewski*
                                 Robert Wisniewski
                                 40 Wall Street, Suite 2833
                                 New York, New York 10005
                                 Tel.: (212) 267-2101
                                 *Attorneys for Plaintiff*

16

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

WOJCIECH ZADROZNY on behalf of himself
and on behalf of all others similarly situated,          :

                                                         :

                    Plaintiff,                           :          Docket No.:

                                                         :

        -against-                                        :          CONSENT TO SUE

                                                         :

V ELECTRIC INC., V ELECTRIC NY INC.,                     :
WITOLD BODZON, and JANUSZ WOSKOWIAK,                     :

                                                         :

                    Defendants.                          :

------------------------------------------------------------X

By my signature below, I hereby authorize the filing and prosecution of the above-styled

Fair Labor Standards Act action under Section 216(b) of the FLSA and agree to act as a

representative of others similarly situated and to make decisions on my behalf and on behalf of

others similarly situated concerning the litigation, the method and manner of conducting this

litigation, and all other matters pertaining to this lawsuit.

ZADROZNY WOJCIECH
Print Name

312 NORWAY AV
Address

STATEN ISLAND NY 10305
City, State, Zip Code

Signature

917 705 2594
Telephone

07/15/20
Date

**EXHIBIT 2**

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR
SERVICES RENDERED**

TO:    WITOLD BODZON

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business
Corporation Law of New York, you are hereby notified that WOJCIECH ZADROZNY on behalf
of himself and on behalf of all others similarly situated, intends to charge you and hold you
personally liable, jointly and severally, as one of the ten largest shareholders of: V ELECTRIC
INC. and V ELECTRIC NY INC. for all debts, wages and/or salaries due and owing to him as a
laborer, servant and/or employee of the said corporation for services performed by him for the
said corporations within the ten (10) years preceding the date of this notice and have expressly
authorized the undersigned, as his attorney, to make this demand on his behalf.


Dated: New York, New York
       July 16, 2020

                                    ROBERT WISNIEWSKI P.C.

                                    By: */s/ Robert Wisniewski*
                                    Robert Wisniewski
                                    *Attorneys for Plaintiff*
                                    40 Wall Street, Suite 2833
                                    New York, New York 10005
                                    (212) 267-2101

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR
## SERVICES RENDERED

TO: JANUSZ WOSKOWIAK

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that WOJCIECH ZADROZNY on behalf of himself and on behalf of all others similarly situated, intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of: V ELECTRIC INC. and V ELECTRIC NY INC. for all debts, wages and/or salaries due and owing to him as a laborer, servant and/or employee of the said corporation for services performed by him for the said corporations within the ten (10) years preceding the date of this notice and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
July 16, 2020

ROBERT WISNIEWSKI P.C.

By: */s/ Robert Wisniewski*
Robert Wisniewski
*Attorneys for Plaintiff*
40 Wall Street, Suite 2833
New York, New York 10005
(212) 267-2101

**DEMAND BY EMPLOYEES TO INSPECT SHAREHOLDERS' RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO:   V ELECTRIC INC
      V ELECTRIC NY INC.

PLEASE TAKE NOTICE, that WOJCIECH ZADROZNY, on behalf of himself and on behalf of all others similarly situated, as employee of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporation for services performed by them for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporation and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: New York, New York
       July 16, 2019

ROBERT WISNIEWSKI P.C.

By: */s/ Robert Wisniewski*
Robert Wisniewski
*Attorneys for Plaintiff*
40 Wall Street, Suite 2833
New York, New York 10005
(212) 267-2101