# ROBERT WISNIEWSKI P.C.
ATTORNEYS-AT-LAW

17 STATE STREET, SUITE 820 • NEW YORK, NY 10004
T EL: (212) 267-2101 • WEB: www.rwapc.com

October 11, 2021

Hon. Robert M. Levy, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
    VIA ECF

        **Re:**    <u>Zadrozny v. V Electric Inc. et al.</u>
                 <u>Docket No.: 20-cv-3192-LDH-RML</u>

Dear Judge Levy,

    I represent Plaintiff in this Action. Counsel for the parties are jointly submitting the Fair Labor Standards Act ("FLSA") settlement agreement ("<u>Agreement</u>") (**Exhibit 1**) as well as my firm's invoice for fees and costs (**Exhibits 2**) and backup documentation for costs and disbursements (**Exhibit 3**) for Your Honor's review and approval.

    **1.**    **Introduction**

    The Agreement (**Exhibit 1**) submitted for approval resolves Plaintiff's FLSA claims (Plaintiff's First and Fifth Claims for Relief) arising out of Plaintiff's employment with Defendants. The parties seek a dismissal of these two FLSA claims with prejudice, which requires court approval. *See* ***Cheeks v. Freeport Pancake House, Inc.***, 796 F.3d 199 (2nd Cir. 2015) (holding that given the unique considerations underlying the FLSA, any settlement of claims under the FLSA, which seeks dismissal with prejudice, can only be made pursuant to the approval of the court or of the Department of Labor). Pursuant to the Agreement, Plaintiff releases all of his FLSA and New York Labor Law ("<u>NYLL</u>") claims against Defendants.

    The parties respectfully request that, upon Your Honor's review and satisfaction that the settlement is fair and reasonable and that the fees and costs are duly earned, Your Honor issue an order approving the Agreement as well as the attorney's fees and costs, and dismissing Plaintiff's Complaint with prejudice.

    This matter was settled after a prolonged period of negotiations, which included a mediation in this Court's ADR program as well as subsequent discussions between the parties. Finally, the parties accepted the mediator's proposal issued at the conclusion of the mediation. What followed was a long period of challenging but good-faith negotiations over the terms of the overall settlement of Plaintiff's claims, which has culminated with the instant submission of the Agreement.

2. **Background of the Action**

Plaintiff brings this action to recover unpaid wages and overtime wages, liquidated damages, interest and reasonable attorneys' fees and costs under the FLSA (29 U.S.C. § 201 et seq.) and the various wage orders promulgated thereunder by the U.S. Department of Labor and codified at 29 C.F.R. § 500 et seq., as well as under Articles 6 and 19 of the NYLL and the various wage orders promulgated thereunder by the New York State Department of Labor and codified at 12 N.Y.C.R.R. §§ 135-146. Plaintiff further asserts claims against Defendants for statutory violations of NYLL § 195.1 and NYLL § 195.3.

Plaintiff alleges that he was employed by Defendants who provide general contracting services as an electrician from September 17, 2015 until his termination on July 15, 2019. Plaintiff further alleges that Defendants paid him on an houly basis but failed to pay him premium overtime way for the Stakhanovite hours he worked in excess of forty (40) hours in a week in violation of the FLSA and NYLL and committed violations of NYLL §§ 195.1 and 195.3 by failing to furnish to him a wage notice and proper pay stubs which would show the information required under the law. Plaintiff further alleges that Defendants attempted to obscured their wage violations in a variety of ways, among others, by paying him part of the wages as "reimbursement" checks. *See*, generally, the Complaint at Doc. No. 1.

Defendants deny Plaintiff's allegations and allege that he was properly classified as an exempt employee under the FLSA and NYLL and fully compensated for his work. Defendants further deny that any retaliation took place as alleged.

3. **The Settlement Terms Are Reasonable and Fair**

As the 2nd Circuit held, a dismissal of claims under the FLSA with prejudice requires approval by either the Department of Labor or the courts. ***Cheeks**, supra*, 796 F.3d at 202; *see* also ***Lynn's Food Stores, Inc. v. United States***, 679 F.2d 1350, 1354 (11th Cir. 1982). Fairness of a settlement is assessed by "examining the negotiating process leading up to the settlement as well as the settlement's substantive terms." ***D'Amato v. Deutsche Bank***, 236 F.3d 78, 83 (2nd Cir. 2001).

At bar, the Agreement calls for Defendants to pay a settlement of $62,500.00 of which Plaintiff is to receive $40,582.58 – half as alleged wages and half as alleged liquidated damages. *See* Settlement Agreement paragraph 4 (**Exhibit 1**). The settlement is to be paid within ten (10) days of this Court's approval of the Agreement.

It is submitted that the terms of the Agreement represent a reasonable compromise between Plaintiff's FLSA claims and the defenses proffered by the various Defendants.

When considering whether a settlement is fair, the Court should examine the following five factors: (1) "the plaintiff's range of possible recovery"; (2) "the extent to which 'the

settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'"; (3) "the seriousness of the litigation risks faced by the parties"; (4) "whether the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) "possibility of fraud or collusion".  ***Wolinsky v. Scholastic, Inc.***, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2015). However, the principal question to resolve is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." ***Le v. SITA Info Networking Computing USA, Inc.***, 2008 WL 724155 at *1 (E.D.N.Y.2008) (*quoting* ***Lynn's Food Stores v. United States***, 679 F. 2d 1350, 1354 (11th Cir. 1982)).

      As regards the first and third ***Wolinsky*** factors – the "range of possible recovery" and "the seriousness of the litigation risks faced by the parties," the settlement of $62,500.00 represents a very favorable result to Plaintiff in light of the allocation of the burden of proof on Plaintiff and litigation risks faced by Plaintiff and Defendants. Based on my firm's damages calculations, Plaintiff's best case scenario called for a payment of $45,383.00 in overtime, a like amount in liquidated damages and $10,000.00 as violations of NYLL Section 195.1 and 3. However, Defendants submitted calculations that showed Plaintiff's best case scenario to be substanially below his calculations.

      Plaintiff would be entitled to any unpaid overtime damages under the FLSA and NYLL only if he were able to prove that he worked the Stakhanovite hours he claimed that he did. But Plaintiff's allegations of the days and hours worked were based on his testimony alone. Plaintiff did not have any witnesses or documents (such as a diary, notebook, e-mails or the like) which could buttress his claims as to the days and hours worked. Plaintiff would thus have faced extreme difficulty in his efforts to prove his case.

      On the other hand, Defendants had documents and expected witness testimony from their employees and third parties that would tend to disprove Plaintiff's claims as to the days and hours that Plaintiff worked. Moreover, the documents relating to the attendance at project sites and hours worked that Defendants were in possession of made it very difficult for Plaintiff to take advantage of the lowered burden of proof under the Supreme Court's ***Mount Clemens*** precedent, which would have allowed the fact finder to accept Plaintiff's recollection as to the days and hours worked. Thus, Defendants did have documentary and testimonial evidence which supported their defenses and minimized and even contradicted Plaintiff's claims of unpaid overtime.

      The settlement is also favorable from Defendants' perspective. Defendants vociferously denied any liability. However, Defendants understood the risks inherent in proceeding through trial, including being potentially liable for higher amounts for liquidated damages and prejudgment interest, as well as substantially increased costs and attorney's fees for their own attorneys and additional amounts that might be owed for for Plaintiff's attorney fees and costs.

      As to the second ***Wolinsky*** factor, settling the parties' claims at this point will avoid

continuing litigation costs for all parties. Put bluntly, Plaintiff could have gone through the entire trial and obtained a judgment for less than he is to receive under the Agreement, could have lost or could have faced post trial motions and appeals. Plaintiff also faced very substantial litigation costs in that he would most likely have to depose a large number of Defendants' witnesses and third parties regarding his claims as to the hours and days he that worked.

Another important reason for settling his claims at this stage is the fact that Plaintiff's daughter has applied to a number of law schools to begin her studies. As this Court is no doubt aware, legal education is extremely expensive, and Plaintiff will be called upon to help her financially.

The fourth and fifth *Wolinsky* factors examine whether the settlement agreement is the product of arm's-length bargaining between experienced counsel and whether there was any possibility of fraud or collusion.

Courts typically regard the adversarial nature of a litigated FLSA case to be an indicator of the fairness of the settlement. *See*, **Aponte v. Comprehensive Health Management, Inc.**, 2013 WL 1364147 at *4 (S.D.N.Y. 2013). And "[a] strong presumption of fairness attaches to proposed settlements that have been negotiated at arm's length." **Thompson v. Metro. Life Ins. Co.**, 216 F.R.D. 55, 61 (S.D.N.Y. 2003). At bar, the parties were represented by competent counsel on both sides whose area of practice focuses on employment litigation.

Moreover, Plaintiff fully participated in the mediation session with the assistance of a Polish language interpreter. During the mediation, Plaintiff consulted with counsel as well as his wife on the offers made and was involved in fashioning numerous demands. The mediation was presided over by a very experienced mediator from the Court's ADR Department. Following the mediation, Plaintiff duly considered the mediator's proposal before he accepted it.

The negotiating process consisted of a long, hard- fought process of fleshing out the facts of the case, the terms of the agreement, reviewing documents and then drafting the text of two agreements ultimately accepted by the parties. The above indicate that the negotiating process was at arm's length and there has been no fraud or collusion in the process.

At bar, Plaintiff is giving Defendants a release of his alleged FLSA and NYLL claims in exchange for a very favorable settlement. Prior to recommending this, I ensured that Plaintiff had absolutely no other potential wage claims or related claims against Defendants.

Because a "reasonable" settlement is not necessarily susceptible to a mathematical equation yielding a particularized sum, courts approve settlements falling within a "range of reasonableness." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972); **In re Luxottica Group**, 233 F.R.D 306, 316 (E.D.N.Y. 2006) (settlement fell within range of reasonableness even though greater recovery could have been achieved at trial); **In re Western Union Money Transfer Litig**. 2004 WL 3709932, at *9 (E.D.N.Y. 2004) (same). Here, given the difficulty of proof, the quality

of the evidence and the allocation of the burden of proof on Plaintiff, as well as legitimate concerns about the length of the lawsuit, the $25,000.00 FLSA settlement represents a reasonable compromise with respect to contested issues and, therefore, should be approved.

    4.    **Attorney Fees and Costs are Reasonable**

Finally, the proposed settlement also covers the plaintiff's costs including attorney's fees. Attorney's fees are $20,281.29 and costs are $1,656.24, making a total of $21,937.43. Plaintiff can recover attorneys' fees as of right as a prevailing party pursuant to the FLSA and the New York Labor Law. See, e.g., 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1)–(2), 663(1); *see also* **Barfield v. N.Y.C. Health & Hosps. Corp**., 537 F.3d 132, 151 (2d Cir. 2008); **Kahlil v. Original Old Homestead Restaurant, Inc**., 657 F.Supp.2d 470, 473 (S.D.N.Y. 2009) ("The Court in such action *shall* ... allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.") (emphasis added) (citations omitted)). A party is considered a prevailing party "if [he] succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." **Kahlil**, 657 F.Supp.2d at 473. It is not required that the plaintiff be successful on all claims; he/she must merely "demonstrate a change in the legal relationship between himself and the defendant arising from the resolution of the lawsuit." *Id.* The fact that Plaintiff prevailed via settlement and not litigation is immaterial. *Id.* Thus, as the prevailing party, Plaintiff is entitled to an award of attorneys' fees and reasonable costs as a matter of right. *Id.*

In considering approval of an FLSA settlement, "[t]he court must also seperately assess the reasonableness of plaintiffs' attorney fees, even when the fee is negotiated as part of a settlement agreement rather than judicially determined." **Lliguichuzhca**, 948 F.Supp.2d at 366. The purpose of the separate assessment is to make sure that "the interests of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief [counsel] procured for clients." **Wolinsky**, 900 F.Supp.2d at 336. But while the court must approve an award of attorneys' fees and costs in a settlement of FLSA claims, "it is not the responsibility of the Court to ensure that the employer is protected from overpaying an employee's attorneys' fees and costs." **Misiewicz v. D'Onofrio General Contractors Corp.**, 2010 WL 2545439 at *5 (E.D.N.Y. May 17, 2010)(emphasis supplied)  R&R adopted in **Misiewicz v.D'Onofrio General Contractors Corp.**, 2010 WL 2545472 (E.D.N.Y. June 18, 2010). In the context of settling FLSA claims, courts should refrain from "disapprov[ing] a settlement on the amount of attorney's fees, since both parties assumingly ha[d] knowledge of how attorney's fees are calculated in this district and were negotiating at arm's length." *Id. See also* **Wolinsky, *supra*, at 335-36.**

When determining reasonable attorneys' fees, courts in this Circuit routinely approve FLSA settlements which provide for net 1/3 contingency fees. **Calle v. Elite Specialty Coatings, Inc**., 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 19, 2014); **Rangel v. 639 Grand St. Meat & Produce Corp.**, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013)(same). At bar, Plaintiff signed a retainer agreement which called for my firm to receive the <u>greater</u> of the 1/3 net contingency fee or the lodestar invoice. However, to promote settlement, I decided to accept a fee

representing 1/3 of the net settlement even though it was lower than my lodestar invoice and be reimbursed for the costs of the case. I attach a copy of my lodestar invoice and the invoices for costs as well as the backup documentation. *See* **Exhibits 2** through **5**.

The work in this case by my Firm consisted of investigating this case, drafting a detailed pre-litigation demand letter, drafting a complaint and an amended complaint, pre-mediation discovery and representing Plaintiff at the mediation and the drawn-out negotiations on the text of the settlement agreement. As my invoice reflects, my hourly rates are $450 per hour (RJW), while the rate of my associate, Barbara Luberadzka, is set at $125.00 (LA), as at the time she worked as a paralegal. These rates are eminently fair in the Eastern District.

I have over 25 years' experience in employment litigation, and have litigated well over 400 cases of this type, the vast majority of them collective and class action cases. I have been certified as a Rule 23 class counsel in four wage and hour lawsuits: ***Jankowski v. Castaldi***, 2006 WL 118973 at*4 (E.D.N.Y. Jan. 13, 2006); ***Niemiec v. Ann Bendick Realty***, 2007 WL 5157027 at *13 (E.D.N.Y. April 23, 2007); ***Bielski v. Danco***, E.D.N.Y. Docket No: 06-cv-6542; ***Gortat v. Capala Brothers, Inc***., EDNY Docket No.: 07-cv-3629. In the ***Gortat*** matter, I obtained a jury verdict for the named plaintiffs and the class in 2013. I have also conducted a number of bench trials in state and federal courts as well, including ***Brassco, Inc. v. Klipo*** 2006 WL 223154 (S.D.N.Y. Jan. 27, 2006)(breach of a duty of loyalty by an employee) and ***Drozd et al. v. USA Concepts***, EDNY 09-cv-5120-RER (Jan. 20, 2017).

I have also obtained several positive decisions in the wage and hour field from the 2nd Circuit, including ***Gortat v. Capala Bros.,*** 568 Fed. Appx. 78 (2nd Cir. 2014)(affirming an award of attorney fees and costs that far exceeded an award of class damages owing to the defendants' scorched-earth litigation tactics) and ***Kroshnyi v. U.S. Pack Courier Servs***., 771 F.3d 93 (2nd Cir 2013)(holding, *inter alia*, that the SDNY erred in ruling that the statute of frauds barred plaintiffs' breach of oral contract and NYLL claims for unpaid commissions wherein the contracts were entered into for as long as employees worked for the U.S. Pack franchise and remanding for a new trial).

As regards costs, the backup documentation consists of invoices, or other documents evidencing expenses incurred. It is redacted to remove critical information, such as the firm's account numbers, credit card or bank account numbers and the like. Further, the backup documentation is arranged in the order in which the entry appears on the respective Firm invoice.

It is important to note that the date which appears on the invoices presented by my firm for payment reflects the date on which the expenses were allocated in the matter, not when they were incurred. I represent to the Court that the expenses were contemporaneously recorded or allocated to the Clients' file in the ordinary course of business.

For the foregoing reasons, the contingency fee of 1/3 of the net settlement amount as well as costs to be received by my firm in the case at bar are fair and reasonable and should be

approved.

### 5. The Parties Request That the Court Approve the Settlement

The parties represent to the Court that the proposed settlement is fair to Plaintiff, reasonably resolves bona fide disagreements between Plaintiff and Defendants about the merits of the claims, and demonstrates a good faith intention by the parties that their claims for liability and damages be fully and finally resolved and not relitigated in the future.

For the reasons outlined above, the settlement reached in this matter is fair and reasonable to all parties. Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. *See* ***Johnson v. Brennan***, 2011 WL 4357376, at *12 (S.D.N.Y., Sept. 16, 2011).

Accordingly, the parties respectfully request that the Court approve the Agreement.

                        Respectfully submitted,

                        */s/Robert Wisniewski*
                        Robert Wisniewski

cc:    via ECF

       Steven Hans, Esq.
       *Counsel for Defendants*