# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and General Release ("Agreement") is made as of this 18th day of September, 2021 ("Effective Date"), by and between Wojciech Zadrozny ("Plaintiff"), V Electric Inc. ("V Electric"), V Electric NY Inc. ("Electric NY"), Witold Bodzon ("Bodzon") and Janusz Woskowiak ("Woskowiak") (V Electric, Electric NY, Bodzon, and Woskowiak are, collectively, "Defendants") (Plaintiff and Defendants are, collectively, the "Parties").

**WHEREAS,** Plaintiff filed a class action complaint against Defendants in the United States District Court for the Eastern District of New York, captioned Zadrozny v. V Electric Inc. et al., Docket No. 20-cv-3192 (LDH) (RML), alleging certain claims relating to his employment with Defendants, as detailed in his Complaint filed July 16, 2020 (the "Complaint");

**WHEREAS,** Defendants deny any liability for the allegations in the Complaint;

**WHEREAS,** the Parties engaged in a mediation before a mediator appointed by the ADR Department of the Eastern District Court and reached an agreement in principle on the material terms of the settlement, which they now wish to incorporate in this Agreement.

**WHEREAS,** the Parties each desire to avoid the expense, inconvenience, time commitment, and delays of further litigation of the Complaint.

**NOW, THEREFORE,** in consideration of the mutual promises and covenants contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged by the Parties, it is hereby stipulated and agreed as follows:

1.  **No Admission of Wrongdoing.** Neither the negotiation, undertaking, signing, nor performance of this Agreement constitutes or operates as an acknowledgment or admission of liability by any of the Defendants with respect to the Complaint or any other matter, or that any of the Defendants violated or failed to comply with any provision of the federal or state

constitutions, statutes, laws or regulations, or city or municipal ordinances or regulations. Each Defendant expressly denies any liability or wrongdoing whatsoever.

2.      **Not a Precedent.** This Agreement is not intended to establish, and should not be interpreted as establishing, a practice or policy of V Electric or any other Defendant in connection with the treatment of any employee or the settlement of any lawsuit, agency proceeding, or complaint.

3.      **Withdrawal of Complaint.** Contemporaneous with the signing of this Agreement, the Parties' Counsel shall execute the Stipulation of Dismissal with prejudice and without costs to any party (the "Stipulation"), in the form attached as **Exhibit A**. Defendants' counsel is authorized to file the Stipulation of Dismissal as more fully set forth herein.

4.      **Consideration.** Within ten (10) days after the later of the receipt by Defendants' counsel of: (a) the fully-executed Agreement, (b) a properly executed IRS Form W-9 from Plaintiff's counsel of record, and (c) a properly executed IRS Form W-9 from Plaintiff, Defendants will pay the settlement amount of Sixty-two Thousand Five Hudred Dollars and No Cents ($62,500.00) as follows: Defendants will issue: (i) a check payable to **"Wojciech Zadrozny"** in the amount of Twenty Thousand Two Hundred Eighty-one Dollars and Twenty-nine Cents ($20,281.29), less taxes and payroll taxes, for alleged unpaid wages, (ii) a check payable to **"Wojciech Zadrozny"** in the amount of Twenty Thousand Two Hundred Eighty-one Dollars and Twenty-eight Cents ($20,281.28) for alleged liquidated damages, and (iii) a check payable to **"Robert Wisniewski P.C."** in the amount of Twenty-one Thousand Nine Hundred Thirty-seven Dollars and Forty-three Cents ($21,937.43) for attorney fees in the amount of $20,281.29 and costs in the amount of $1,656.14. The payment for alleged unpaid wages will be reported on an IRS Form W-2 and the other payments will be reported on IRS Forms 1099.

All settlement checks will be sent via overnight mail or certified mail to the following address: Robert Wisniewski P.C., 17 State Street, Suite 820, New York, NY 10004. Payment shall be deemed made when mailed by Defendants.

5. **Taxes and Withholdings.** The payments made under this Agreement may be subject to tax withholdings and other deductions as required by law with respect to federal, state, and local taxes, FICA, Medicare, unemployment compensation taxes and similar taxes, assessments, or other withholding requirements. Plaintiff authorizes Defendants to make such withholdings and deductions as are required by law.

6. **No Consideration Absent Execution of this Agreement.** Plaintiff agrees that he would not receive the settlement money under this Agreement except for executing and abiding by the terms of this Agreement.

7. **Release of All Claims Asserted in the Complaint.** In consideration of the settlement funds described in paragraph 4, and other terms and conditions contained in this Agreement, **Wojciech Zadrozny** hereby for himself, and his past and present heirs, family members, executors, administrators, successors, and assigns, and all persons acting by, through, under or in concert with his ("Releasors"), hereby freely, knowingly and voluntarily releases and fully discharges V Electric and Electric NY, their parents, subsidiaries, affiliates, successors, assigns, predecessors, insurers, and present or former directors, officers, employees (including but not limited to Bodzon and Woskowiak), agents, fiduciaries, plan administrators, attorneys, insurer, and representatives (all of the foregoing are collectively referred to as the "Released Parties") of and from all claims, demands, causes of action, and rights alleged in this Action, which arose at any time before the Effective Date.

8. **Covenant Not to Sue.** If Plaintiff is ever joined in the future as a party to any

action, lawsuit or other proceeding against the Released Parties concerning any released claim covered in Paragraph 7, above, except where prohibited by statute or other law, Plaintiff will not be entitled to recover, and hereby expressly waives and disclaims his right to recover, any relief or amounts, including costs and attorney's fees from any such action, lawsuit or other proceeding.

9. **No Claim for Remuneration.** Plaintiff acknowledges and represents that after receipt of the settlement checks herein he has received any and all remuneration, including all salary, wages, bonuses, tips, overtime pay, awards and all other forms of remuneration, that is, was, or may be due to him from Defendants at any time before the Effective Date.

10. **No Claim for Benefits.** Plaintiff acknowledges and represents that he has received any and all non-monetary benefits, including all leaves of absence, reinstatements, insurance coverages, and any other benefits or rights to benefits that is, was, or may be due to him from Defendants at any time before the Effective Date.

11. ~~**No Future Employment with Defendants.** Plaintiff agrees that he is not entitled to be reinstated to employment or employed in the future with V Electric or Electric NY, or any of their subsidiaries or affiliated companies, and that he will not knowingly apply for, solicit, or otherwise accept employment with any of them at any time in the future. Plaintiff further agrees that the existence of this Agreement and the facts associated with this matter provide sufficient cause to deny any future application for employment from Plaintiff for a position with V Electric or Electric NY, or any of their subsidiaries or affiliated companies.~~

RML
10/22/21

12. **No Disparagement.** Plaintiff agrees not to disparage or defame V Electric or Electric NY, their owners, including Bodzon and Woskowiak, in any manner concerning the facts and allegations raised in the Complaint or arising out of Plaintiff's employment with V Electric and Electric NY. Additionally, Plaintiff shall not publicly make disparaging remarks

(whether written or verbal) about V Electric or Electric NY which in any way damage or impair its reputation, business practices, or goodwill. However, nothing herein shall prevent Plaintiff from making truthful statements about Plaintiffs' experience working for Defendants or litigating his case.

13. **Neutral References.** If Plaintiff requires an employment reference, Plaintiff will direct any request for references only to **PROVIDE NAME** his successor or designee. That person will only confirm Plaintiff's dates of employment and job title held at the end of employment. For the avoidance of doubt, that person will not reference this Agreement or the existence of the underlying Complaint.

14. **Breach of Agreement.** In the event that any of the Parties breaches, violates, fails or refuses to comply with any of the provisions, terms or conditions or any warranties, covenants, or representations of this Agreement (the "Breach"), the non-breaching party or parties (as determined by a court of competent jurisdiction) are entitled to recover damages against the breaching party or parties, including interest, costs, expenses and reasonable attorneys' fees, including any appeal and collection proceeding, accruing to the non-breaching party or parties as a consequence of the Breach. Any action for an alleged Breach or to enforce the terms of this Agreement shall be brought in the state courts in the State of New York, New York County.

15. **Acknowledgments and Affirmations.** Plaintiff affirms that he has not filed, caused to be filed, or presently is a party to any claim against the Released Parties, other than the Complaint.

16. **Review by Counsel.** Each party agrees that this Agreement has been negotiated by their respective counsel, and, accordingly, that neither party will be regarded as the drafter. Each party agrees that, by signing below, they understand the meaning and significance of this

Agreement, its terms and any consequences for any breach, and acknowledges that they have entered into this Agreement freely, knowingly, and voluntarily after consultations with their counsel or after being afforded the opportunity to consult with counsel.

17. **Successors.** Plaintiff and Defendants each agree that this Agreement will bind and inure to the benefit of their heirs, personal representatives, executors, administrators, successors, and assigns.

18. **Ownership of Claims.** Plaintiff represents that he has not assigned all or any portion of any claims against any of the Defendants, whether or not asserted in the Complaint, to any other person or entity, either in fact or by operation of law and that his claims are not subject to any statutory or common law liens, including any lien for attorney's fees.

19. **Governing Law; Interpretation.** This Agreement will be governed and interpreted by the law of the State of New York, without regard to its conflict of law provisions. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and such provision cannot be modified to become legal and enforceable, excluding the provisions of Paragraph 7, such provision will immediately become null and void, leaving the remainder of this Agreement in full force and effect.

20. **Entire Agreement; Amendment.** This Agreement constitutes the entire agreement between the Parties, and supersedes all prior representations, understandings, and agreements of the parties. Plaintiff agrees that he has not relied on any representations, promises or agreements of any kind from any Defendant in connection with his decision to enter into this Agreement. This Agreement may not be modified, altered, amended or changed except upon express written consent of all Parties where specific reference is made to this Agreement.

21. **No Responsibility for Attorneys' Fees or Costs.** Except as otherwise set forth

in this Agreement, each Party will be solely responsible for any and all attorneys' fees and expenses incurred by them in connection with the Complaint, including any award of attorneys' fees, costs or expenses provided by statute or any other basis.

22. **Tax Obligations.** The Parties agree that should any federal, state or local taxes be determined to be owing by any party on the payment of the sums received by Plaintiff or his counsel under this Agreement, each party shall be solely and completely be responsible for his, her, or its taxes, interest or penalties. Plaintiff agrees that none of the Released Parties, nor any representative or attorney of the Released Parties, has made any promise, representation or warranty regarding the tax consequences of any amounts paid under this Agreement. Plaintiff further acknowledges and agrees that, except as expressly set forth in this Agreement, Defendants have no obligation to make any payments on behalf of Plaintiff to any governmental authority or otherwise.

23. **Plaintiff's Notices and Representations.** Plaintiff represents and agrees that:

    a. he has read this Agreement and understands and agrees with all of the terms and conditions of this Agreement;

    b. he enters into this Agreement freely, knowingly and voluntarily and after consultation with counsel of his choosing;

    c. he has been advised by Defendants to consult with an attorney of his choice prior to executing this Agreement;

    d. by signing this Agreement, he is settling all the claims he asserted and could have asserted related to the Complaint, whether known or unknown to him at the time of signing;

    e. by signing this Agreement, he waives any right to bring or maintain a

lawsuit or make any other legal claims against the Released Parties as described in this Agreement; and

    f.  by signing this Agreement, he does not waive rights or claims that may arise after the date of the execution of this Agreement.

Plaintiff further acknowledges that he is waiving and releasing claims under the ADEA, as amended, and has had twenty-one (21) days to consider the terms of this Agreement and consult with an attorney of his choice, although Plaintiff may sign it sooner if desired. Further, Plaintiff acknowledges that he shall have an additional seven (7) days from signing this Agreement to revoke this Agreement, in which case this Agreement shall be null and void and of no force or effect on the Parties. Any revocation must be **in writing and received** by Defendants' counsel by 5:00 p.m. on or before the seventh day after this Agreement is executed by Plaintiff. Such revocation must be sent to **PAUL SABAJ** via overnight mail or e-mail at *PSABAJ@SABAJLAW.COM*.

24. **Duplicate Originals; Counterparts.** This Agreement may be executed by the Parties in duplicate so that each party may hold a duplicate original. This Agreement may be executed in counterparts, which when signed by the Parties will constitute the same Agreement. This Agreement also may be executed by exchange of emails or faxes containing signed PDF attachments and all fax signatures or PDF signatures will constitute valid signatures of this Agreement.

[Remainder of page intentionally left blank. Signature page to follow.]

BY SIGNING BELOW, THE PARTIES CONFIRM THAT THEY HAVE CAREFULLY READ AND UNDERSTAND ALL OF THE TERMS OF THIS AGREEMENT, ENTER INTO THE AGREEMENT KNOWINGLY, VOLUNTARILY, AND OF THEIR OWN FREE WILL, UNDERSTAND ITS TERMS AND THEIR SIGNIFICANCE, AND INTEND TO ABIDE BY ITS PROVISIONS WITHOUT EXCEPTION.

**WOJCIECH ZADROZNY**

Dated: 09/18/21

**WITOLD BODZON**

Dated: 09/13/2021

**JANUSZ WOSKOWIAK**

Dated: 09/13/2021

**V ELECTRIC INC.**

By: Witold Bodzon
Title: President
Dated: 09/13/2021

**V ELECTRIC NY INC.**

By:
Title: Vco President
Dated: 09/13/2021